**KAISER STEEL CORPORATION, a Nevada Corporation, Plaintiff/Respondent,**

v.

**James FIVECOAT, H. L. Tharp and Kenneth Manzanares, Defendant/Petitioners.**

No. C 79–0294.

United States District Court, D. Utah, C. D.

Feb. 14, 1980.

Edward W. Clyde, Steven E. Clyde, Clyde & Pratt, Salt Lake City, Utah, for plaintiff/respondent.

Ben D. Browning, Virginius Dabney, McMillan & Browning, Salt Lake City, Utah, for defendant/petitioners.

MEMORANDUM OPINION

JENKINS, District Judge.

The specific question presented for decision is whether a 301[1] cause of action is

---

1. 29 U.S.C. § 185(a) and (b) [C. 120, Title 111, § 301, 61 Stat. 156.] provide as follows:

(a) Suits for violation of contracts between an employer and a labor organization repre-

stated when the defendants are individuals, the remedy sought is damages, and the alleged conduct—a wildcat strike—was neither sanctioned nor ratified by the defendants' Union.

The answer is no. The reasons are as follows:

There is no express language in 301 which so provides. There is no express language in the collective bargaining agreement in this case which so provides.

While from the point of view of the employer there appears to be a hiatus in the labor law design which effectively limits the employer to the sanctions of discipline or discharge of an offending employee, and while an employer may feel frustrated and put upon for having to absorb damage costs resulting from precipitous employee action, the employer's remedy (other than discipline or discharge) is bargaining which results in an agreement which provides otherwise or is found in the Halls of Congress. See *Atkinson et al. v. Sinclair Refining Company*, 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962); *Sinclair Oil Corporation v. Oil, Chemical & Atomic Workers Int. Union*, 452 F.2d 49 (7th Cir. 1971); *United States Steel Corporation v. United Mine Workers of America, Local 8003, et al.*, U. S. District Court, District of Utah, C 77-0145.

In this highly sensitive and institutionalized area of human conduct, the Congress through omission seems to have decided that discipline or discharge of an employee is enough.

In this particular case, there is an added factor. The defendants were discharged. Pursuant to the grievance procedure the appropriateness of that act was submitted to arbitration. The arbitrator's binding decision restored defendants to employee status with certain burdens for their untoward conduct.

It would denigrate the arbitration process and the arbitration result, and the agreement itself to now say that the arbitration result was only half correct—and the result only a partial result.

In this peculiar area of human activity finality is a virtue.

Defendants counterclaimed for abuse of process. I find no abuse. If a plaintiff loses a lawsuit—and such are lost each day—where there is good faith and a legitimate question for decision—both present here—there is nothing wrong with asking a court for a ruling.

Defendants' motion should be granted and plaintiff's complaint dismissed.

Plaintiff's motion for partial summary judgment as to defendants' counterclaim should be granted.

Each of the parties should present an appropriate order and judgment for signature in accordance herewith and do so within seven (7) days.

---

senting employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

(b) Any labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets.